IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**CRYSTAL DANIELS and MARCELLA**                         **PLAINTIFFS**
**NATHANIEL, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                     No. 6:19-cv-6149-RTD

**QUAPAW BATHS, LLC, ANTHONY**                             **DEFENDANTS**
**TAYLOR, and ROBERT KEMPKES**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Crystal Daniels and Marcella Nathaniel, each individually and on behalf of all others similarly situated, by and through their attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Quapaw Baths, LLC, Anthony Taylor, and Robert Kempkes (collectively "Defendants"), they state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a collective action brought by Crystal Daniels and Marcella nathaniel (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, against Defendants for violations of the tipped wages provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper wages under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Hot Springs Division of the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Daniels ("Daniels") is an individual and resident of Garland County.

8. Plaintiff Nathaniel ("Nathaniel") is an individual and resident of Garland County.

9. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

10. Separate Defendant Quapaw Baths, LLC ("Quapaw Baths"), is a domestic limited liability company.

11. Quapaw Baths's registered agent for service is Anthony Taylor, at 210 Central Avenue, Suite 2A, Hot Springs, Arkansas 71901.

12. Separate Defendant Anthony Taylor ("Taylor") is an individual and resident of Arkansas.

13. Taylor is an owner, principal, officer and/or director of Quapaw Baths.

14. Taylor manages and controls the day-to-day operations of Quapaw Baths, including but not limited to the pay policies applicable to Plaintiffs.

15. Separate Defendant Robert Kempkes ("Kempkes") is an individual and resident of Arkansas.

16. Kempkes is an owner, principal, officer and/or director of Quapaw Baths.

17. Kempkes manages and controls the day-to-day operations of Quapaw Baths, including but not limited to the pay policies applicable to Plaintiffs.

18. Defendants own and operate a bathhouse and spa in Hot Springs.

19. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

20. Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

21. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

### IV. FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. Daniels was employed by Defendants as a Massage Therapist from August of 2017 until December of 2019.

24. Nathaniel was employed by Defendants as a Massage Therapist from June of 2018 until present.

25. Massage Therapists provide various massage therapy services to Defendants' customers.

26. Plaintiffs and other Massage Therapists were paid at or near minimum wage, plus commission paid per massage.

27. Plaintiffs and other Massage Therapists frequently received tips from customers.

28. Defendants regularly withheld a portion of Plaintiffs' and other Massage Therapists' tips.

29. Defendants knew or should have known that withholding Plaintiffs' tips was a violation of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Tips withheld by Defendants;

  B.  Liquidated damages; and

  C.  Attorney's fees and costs.

32. Plaintiff proposes the following class under the FLSA:

**All Massage Therapists within the last three years.**

33. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35. The members of the proposed FLSA class are similarly situated in that they share these traits:

  A.  They had substantially similar job duties, requirements, and pay provisions;

  B.  They regularly received tips from customers; and

  C.  They were subject to Defendants' common policy and practice of withholding a portion of their tips.

36. Plaintiffs are unable to state the exact number of the class but believe that the class is exceeds thirty (30) persons.

37. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

38. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

39. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. Defendants classified Plaintiffs as non-exempt from the requirements of the FLSA.

44. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes[.]"

45. Defendants unlawfully withheld a portion of Plaintiffs' tips in violation of the FLSA.

46. Defendants knew or should have known that their actions violated the FLSA.

47. Defendants' conduct and practices, as described above, were willful.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

49. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

51. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

52. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. Defendants classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

55. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes[.]"

56. Defendants unlawfully withheld a portion of Plaintiffs' and similarly situated employees' tips in violation of the FLSA.

57. Defendants knew or should have known that their actions violated the FLSA.

58. Defendants' conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

60. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, Plaintiffs and the class members are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

64. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

65. Defendants classified Plaintiffs as non-exempt from the requirements of AMWA.

66. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes[.]"

67. 29 U.S.C. § 203(m)(2)(B) "do[es] not contradict Arkansas law. Neither do[es] it] 'read into a statute a provision that was not included by the General Assembly.' . . . Because a different interpretation is not clearly required, the Court will rely on the applicable federal regulations, the DOL's further interpretation of those regulations, and the relevant Eighth Circuit precedent to interpret the parameters of the tip credit under the AMWA." *Esry v. P.F. Chang's Bistro, Inc.*, No. 4:18CV00156 JLH, 2018 U.S. Dist. LEXIS 78048, at *13–15. (E.D. Ark. May 9, 2018), quoting *Gerber Prods. Co. v. Hewitt II*, 2016 Ark. 222 at *14 (2016).

68. Defendants unlawfully withheld a portion of Plaintiffs' and similarly situated employees' tips.

69. Defendants knew or should have known that their practices violated the AMWA.

70. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Crystal Daniels and Marcella Nathaniel, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid compensation under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     An order directing Defendants to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CRYSTAL DANIELS and MARCELLA NATHANIEL, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com