IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRYSTAL DANIELS and MARCELLA
NATHANIEL, Each Individually and on
Behalf of All Others Similarly Situated                                    PLAINTIFFS

V.                              NO. 6:19-CV-06149-RTD

QUAPAW BATHS, LLC, ANTHONY
TAYLOR, and ROBERT KEMPKES                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendants' Motion for Summary Judgment (ECF No. 21). Plaintiffs filed a Response in Opposition (ECF No. 27) and Defendants have replied (ECF No. 29). This matter is ripe for consideration. Jurisdiction is proper under 28 U.S.C. §§ 1331 & 1367(a).

I. Background.

The facts are not in dispute. Defendants own a bathhouse and spa in Hot Springs, Arkansas. Plaintiffs were massage therapists employed by Defendants and compensated at or near minimum wage plus commission. Plaintiffs frequently received tips from Defendants' customers. After discovering one receptionist (of several employed by Defendants) was retaining tips belonging to them, Plaintiffs complained to Defendants. The receptionist was confronted, and her employment was terminated. Defendants assured Plaintiffs that going forward no receptionist could misallocate tips. However, the tips that had been wrongfully withheld, kept, or taken by the receptionist went

unaddressed by Defendants, and Plaintiffs have filed this collective action claiming violations of the tipped wages provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. (FLSA or the Act) and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (AMWA). Plaintiffs sue to recover the withheld tips, plus liquidated and punitive damages, and attorneys' fees and costs.

Defendants filed a motion for summary judgment contending they never kept any portion of Plaintiffs' tips; they never allowed any manager or supervisor to keep any portion of Plaintiffs' tips; and that they never had a common policy or plan of withholding, taking, or keeping any portion of tips received by Plaintiffs. Defendants argue that Plaintiffs' claims "are completely isolated to the conduct of one individual." Mot. Summ. J., July 20, 2020, ECF No. 22 at 1-2. Defendants contend that, as a matter of law, they cannot be held liable for Plaintiffs' tips under the FLSA.

In response, Plaintiffs assert Defendants have a burden of ensuring compliance with the FLSA, and it was Defendants' policy or plan to leave it to the receptionist to handle and manage tips, which directly caused the alleged FLSA violations. "Defendant had a policy to let the receptionist take the tips and they had a plan to let her keep them, and she still has them." (Pls.' Stmt. Undisputed Facts, Aug. 17, 2020, ECF No. 28 at 2.) Plaintiffs argue the FLSA "does not permit employers to simply shrug off [their] obligations." (ECF No. 27 at 4.) Plaintiffs allege that failing to take corrective action regarding the value of the misappropriated tips is a failure to pay proper wages and violates the FLSA and the AMWA.

In reply to Plaintiffs' response, Defendants argue nothing in the FLSA supports holding an employer liable to an employee for tips taken by another employee without the employer's knowledge. They point out that Plaintiffs have failed to cite any legal precedent that supports holding Defendants vicariously liable for the conduct of the receptionist. (ECF No. 29.)

II.     Summary Judgment Standard

Summary judgment is proper where the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ. P. Rule 56. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Grage v. N. States Power Co.-Minnesota*, 813 F.3d 1051, 1054 (8th Cir. 2015) (internal quotations and citations omitted).

III.    Discussion

The Complaint sets forth individual and collective action claims against Defendants. (Compl., Dec. 30, 2019, ECF No. 2.)   Specifically, Plaintiffs' claim Defendants unlawfully withheld a portion of their tips in violation of a FLSA provision expressly stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion… ." 29 U.S.C. § 203(m)(2)(B).   Plaintiffs seek monetary damages, liquidated damages, and costs, including a reasonable attorney's fee. (Compl*., id.* at ¶¶ 48-49.)   Plaintiffs allege Defendants failed to pay proper wages by allowing the receptionist to withhold their tips. Plaintiffs do not allege their tips were wages or that their tips

were used as a credit for wages, nor do Plaintiffs allege that Defendants failed to pay wages at a rate below that prescribed by the FLSA.

The FLSA protects Plaintiffs against "substandard wages" and "labor conditions… detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (quoting 29 U.S.C. § 202(a)). The Act requires Defendants to pay each Plaintiff wages at the prescribed rates per hour. *See* 29 U.S.C. § 206. Section 216(b) provides a private right of action for violations of this provision, permitting employees to seek damages in "the amount of their unpaid minimum wages" and (in appropriate circumstances) an equal amount of liquidated damages. 29 U.S.C. § 216(b).

In general, the FLSA's only concern is the minimum wage payments employees receive and not sources of employee income. The Act does not address whether tips should be treated as wages. *See Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 407, 62 S.Ct. 659, 671, 86 L.Ed. 914 (1942) (concluding the word 'wages' has no fixed meaning under the FLSA either including or excluding [tips]; *Harrison v. Terminal R.R. Ass'n of St. Louis*, 126 F.2d 421 (8th Cir. 1942). The FLSA allows employers to pay less than the standard minimum wage to employees who customarily and regularly receive tips. 29 U.S.C. § 203(m) (the "tip credit" provision). Under this section, tipped employees may be paid a cash wage that is less than the statutory minimum wage plus credit for "an additional amount on account of the tips received" equal to the difference between the minimum cash wage and the standard minimum wage. An employer may not use this

method of compensation unless the affected employees are informed of the employer's intent to use tips to satisfy its minimum wage obligations. The employer is also required to allow the employees to retain all their tips. 29 U.S.C. § 203(m)(2). Plaintiffs in this case allege under the FLSA they are covered, tipped employees, and they allege Defendants kept a portion of their tips. Missing are the allegations and evidence that Defendants paid Plaintiffs less than the federal minimum wage before the calculation of tips.

      Courts have consistently held that the FLSA protections do not apply to employees seeking only the recovery of tips unrelated to a minimum wage claim. *Marlow v. New Food Guy, Inc.*, 861 F.3d 1157, 1159 (10th Cir. 2017) (holding FLSA tip credit provision did not require employer to pay tips to employee who was paid hourly rate above the full federal minimum wage); *Trejo v. Ryman Hosp. Properties, Inc.*, 795 F.3d 442 (4th Cir. 2015) (holding statutory requirements of 28 U.S.C. § 203(m) do not apply to employees who are seeking only the recovery of the tips unrelated to a minimum wage claim); *Malivuk v. Ameripark, LLC*, 694 Fed.Appx. 705, 708-9 (11th Cir. 2017) (finding no private right of action for plaintiff who seeks only to collect improperly withheld tips).

//

Plaintiffs in this case do not assert or provide evidence that they received less than the minimum wage before tips or that they were under-compensated for over-time work. Accordingly, the Court concludes Defendants may not be held liable under the FLSA as a matter of law. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 21) should be and hereby is **GRANTED** and the case is **DISMISSED**.

**IT IS SO ORDERED** this 21st day of December 2020.

/s/ *Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**